Janice M. Michaels
Nevada Bar No. 6062
**WOOD, SMITH, HENNING & BERMAN LLP**
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128-9020
Phone: 702 251 4100 ♦ Fax: 702 251 5405
jmichaels@wshblaw.com
Attorneys for Plaintiff,
Starr Surplus Lines Insurance Company

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| STARR SURPLUS LINES INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RYZE RENEWABLES LAS VEGAS, LLC,<br><br>Defendant. | Case No. 2:22-cv-00092<br><br>**COMPLAINT**<br><br>Trial Date:   None Set |

## COMPLAINT

Plaintiff, Starr Surplus Lines Insurance Company (hereinafter "Star Surplus"), by and through its undersigned counsel, for its Complaint against Defendant Ryze Renewables Las Vegas, LLC, states as follows:

## PARTIES

1. Starr Surplus is a surplus lines insurance company incorporated in the State of Texas, which maintains its main administrative office at 399 Park Avenue, New York, New York.

2. Starr Surplus is authorized to do business and does business in the State of Nevada.

3. Starr Surplus is eligible to write surplus lines insurance in the State of Nevada.

4. For diversity purposes, Starr Surplus is a citizen of the states of Texas and New York.

5. Defendant Ryze Renewables Las Vegas, LLC (hereinafter "Defendant") is a limited liability company duly organized and existing under the laws of the State of Delaware. It may be served with process via its registered agent, Cogeny Global, Inc., at 321 W. Winnie Lane #104, Carson City, Nevada 89703.

23391039.1:10462-0113

Case No.

COMPLAINT

6. Defendant is authorized to transact business in the State of Nevada.

7. Defendant maintains its principal place of business at 6600 Amelia Earhart Court, Suite A, Las Vegas, Nevada.

8. Upon information and belief, Defendant's sole member is Ryze Renewables, LLC.

9. Ryze Renewables, LLC is a Delaware limited liability company with a principal place of business in Nevada.

10. Upon information and belief, Ryze Renewables, LLC's members are Ryze Capital Partners, LLC and RESC, LLC.

11. Ryze Capital Partners, LLC is a Wyoming limited liability company with a principal place of business in California.

12. Upon information and belief, Ryze Capital Partners, LLC's sole member is Matthew Pearson, who is a citizen of the State of California.

13. RESC, LLC is a Nevada limited liability company with a principal place of business in Nevada.

14. Upon information and belief, RESC, LLC's sole member is Randy Soule, who is a citizen of the State of Nevada.

15. For diversity purposes, Defendant is a citizen of the states of Nevada, Delaware, Wyoming, and California.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

17. This Court has personal jurisdiction over the Defendant because the Defendant is an authorized foreign limited liability company pursuant to Nevada Revised Statutes §§86.543, *et seq.*, that maintains its principal place of business in Nevada.

18. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(1) because the Defendant maintains its principal place of business in this district.

/ / /

/ / /

## GENERAL ALLEGATIONS

19. This is an action for collection of insurance premium due pursuant to a certain insurance policy issued by Starr Surplus to Defendant.

20. At the specific instance and request of Defendant, Starr Surplus issued a Completed Value All Risks Builders Risk insurance policy, under policy number SLSTCON11468118, which covered the term August 23, 2018 to January 30, 2020 (the "Policy").

21. The Policy is an insurance contract which provides insurance coverage for certain liabilities of Defendant as set forth therein in exchange for the payment of premium.

22. On or about January 30, 2020, the policy term was extended to November 15, 2020.

23. Defendant paid the additional premium for the extension to November 15, 2020.

24. On or about November 15, 2020, the policy term was extended to December 31, 2020.

25. The additional premium due for the extension of the policy term from November 15, 2020 to December 31, 2020, was $86,258.00.

26. Defendant failed and refused to pay the additional $86,258.00 premium due for the extension of the policy term from November 15, 2020 to December 31, 2020.

27. On or about December 31, 2020, the policy term was extended to March 31, 2021.

28. The additional premium due for the extension of the policy term from December 31, 2020 to March 31, 2021, was $219,768.00.

29. Defendant failed and refused to pay the additional $219,768.00 premium due for the extension of the policy term from December 31, 2020 to March 31, 2021.

## COUNT ONE

### (Breach of Contract)

30. Starr Surplus incorporates the preceding factual allegations into this paragraph as if fully set forth herein.

31. Starr Surplus, on numerous occasions prior to filing the instant litigation, demanded payment of $306,026.00 owed by Defendant.

32. Starr Surplus has fulfilled its contractual obligations and provided the insurance coverage afforded by the Policy.

33. Defendant has failed and refused to pay the premium due under the Policies.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

34. Through its refusal to remit payment, Defendant has breached the contract between the parties, i.e., the Policy.

35. As a result of Defendant's breach of the insurance contract, Starr Surplus has suffered damages in the amount of $306,026.00, plus interest, and costs.

## COUNT TWO

## (Quantum Meruit)

36. Starr Surplus incorporates the preceding factual allegations into this paragraph as if fully set forth herein.

37. In the alternative, without waiving the foregoing paragraphs, Starr Surplus states that it provided valuable insurance services to Defendant.

38. The insurance services were accepted, used, and enjoyed by the Defendant.

39. Starr Surplus, through the actions, conduct, and communications with the Defendant was led to believe that it would be paid for the insurance, and the services provided were reasonably worth the sum of $306,026.00.

40. This failure to pay the $306,026.00 has damaged Starr Surplus.

41. Starr Surplus's damages total $306,026.00, and it is entitled to recover said sum from the Defendant.

## DEMAND FOR JUDGMENT AND REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff Starr Surplus Lines Insurance Company prays for the entry of a judgment in its favor and against Defendant Ryze Renewables Las Vegas, LLC as follows:

1. On Count I, premium due in the amount of $306,026.00, together with costs, interest and other damages as may be allowed by law;

3. On Count II, premium due in the amount of $306,026.00, together with costs, interest and other damages as may be allowed by law; and

/ / /

/ / /

/ / /

/ / /

1     4.     For such other and further relief as the court deems just and proper.

2  DATED: January 19, 2022              WOOD, SMITH, HENNING & BERMAN LLP

                                        By:  */s/ Janice Michaels*
                                             JANICE M. MICHAELS
                                             Nevada Bar No. 6062
                                             Attorneys for Plaintiff, Starr Surplus Lines
                                             Insurance Company

23391039.1:10462-0113                   -5-                              Case No.
                                     COMPLAINT